"Know all men by these presents that we, Robert R. Johnson, Solomon Green and John C. Johnson are held and firmly bound unto Henry Fitts and other justices of the Court of Please and Quarter Sessions for *Page 243 
the county of Warren, in the sum of, etc., to be paid to the said justices, or the survivor or survivors of them in trust, etc., for which payment well and truly to be made we do hereby jointly and severally bind," etc., with the usual condition that Robert R. Johnson should faithfully discharge the duties of guardian to the relator. The bond was signed by Robert R. Johnson and Solomon Green only. The defendant pleadednon est factum testatoris, and upon the trial the case was that at the term of the county court at which the bond was taken the following entry appeared upon the minutes of the court: "Robert R. Johnson, guardian to Edwin and Eliza Slade, renewed his bond as such in the sum of four thousand dollars each, with Solomon Green and John C. Johnson his sureties." When the court opened that (292) morning Henry Fitts, Dennis O'Brien, Burwell P. Achford and David Terry were the justices in court, and there was no evidence that other persons were on the bench when the entry was made and the bond taken. The clerk of the court deposed that he or his deputy attested the execution of official bonds, but that he had no recollection whatever touching the execution of the bond in question. There was no attesting witness to the bond. It was proved that both Green and John C. Johnson were the sureties to the former bond of Robert R. Johnson. It was admitted that Robert R. Johnson was a justice of the peace for the county of Warren, when the bond was executed.
It was contended for the defendant:
1. That there was no evidence of a delivery of the bond to be left to the jury; that considered as an office bond there was no evidence that the court had accepted it; that considered as a bond at common law there was nothing from which a delivery to Fitts could be inferred, and that all the circumstances of the case contradicted such inference.
2. That the plaintiff could not recover because the bond was payable not to him alone, but to other persons not joined with him in the action, and that among these persons was Robert R. Johnson, who was also a coobligor.
For the plaintiff it was insisted that the words "other justices" did not import all the other justices nor define what number or description of them was intended, and being entirely uncertain they ought to be rejected and the right of action would then be in the plaintiff.
At the suggestion of his Honor, Judge Swain, this point was reserved, and the jury were instructed upon the first point made by defendant, that they might infer from the facts of the case a delivery of the bond to the plaintiff. A verdict was returned for the plaintiff, but upon the matter reserved, his Honor being of opinion with the defendant, ordered it to be set aside and a nonsuit to be entered, whereupon the plaintiff appealed. *Page 244 
(293) (Brief of counsel brought forward because referred to and made part of Court's opinion.)
The most formidable objection to the plaintiff's claim is presented upon the bond itself. The plea of non est factum makes it incumbent on the plaintiff to prove the execution of such a bond as is described in the declaration, which states a bond given by the defendant, payable to H. Fitts, chairman. The one offered in evidence in support of this allegation is payable to H. F., chairman, and "other justices of the peace for the county of Warren." The question then is, do the words "other justices," etc., import anything, or are they merely surplusage, and therefore to be rejected as such, leaving it a bond payable to H. F. alone? If the last is the proper construction of the instrument, the action may be maintained so far as respects the objection of variance. If the words "other justices" cannot be rejected as immaterial, but are interpreted to signify other obligees under a general description, the plaintiff must fail, because the bond declared on, if this construction be given, does not agree with that exhibited on the trial, and the variance will be fatal. In answer to the objections of variance, we must show that H. F. is the sole obligee, and this we can only do by rejecting the words that immediately follow his name, to wit, "other justices." The omission of the article "the," before "other justices," is the only circumstance by which the case can be distinguished from the cases decided by the Supreme Court and relied on in the court below. This circumstance is important enough to furnish a ground for saying that the two cases are unlike. A. B., chairman, "and the other justices" of such a county are descriptive of a class of men who may be easily ascertained. That phrase points to all the individuals in the county who were justices when the bond was given, and designates them as obligees with as much certainty as if the justices had been named in the bond by their appropriate Christian and surnames, as much so as a note payable to A. B. Co. does the members of the firm which they compose. But in this case, giving a strict grammatical construction to the words "other justices," it is difficult to determine, upon reading the bond, which of the (294) justices of the county of Warren, in addition to the chairman, were designed to be comprehended under the general denomination, which may embrace all or a less number than all. That term has no certain reference to all of the justices, as the words in the case decided by the Supreme Court did, but to all or some of a body of magistrates consisting of many members, but to whom or what number of those members is uncertain. In the case decided the description, though *Page 245 
general, was definite, and marked with unerring certainty who were meant, and by such description the obligees could be ascertained; the rule, therefore, id est certum quod potest reddi certum applied, and rescued the instrument from impeachment for ambiguity as to the other obligees whom the parties had in contemplation. But in our case this maxim cannot apply in consequence of the indefiniteness of the expression, "other justices," which, without the article "the" before it, furnish no clue to guide us in our search for the parties intended to make coobligees with Fitts, but which they failed in doing; the words then being ambiguous, they ought to be rejected and the bond regarded as payable to Fitts alone.
As respects legal certainty and grammatical precision of language, I see no difference between A. B. and other justices of a county, and A. B. and other justices of the State of North Carolina. There would be a greater probability of finding out who were meant in the one case than in the other, if parol evidence were admitted to explain the ambiguity, as the inquiry in the former case would be limited to a smaller compass as respects space and to fewer individuals. But the expressions in both cases, unaided by matter dehors, are equally indefinite. I therefore think that the case relied on does not decide this to our prejudice — so far from it, the decisions may be cited in our favor. The reasoning of Ruffin, J., seems to proceed upon the idea that the justices of the county were embraced by the term, "the other justices," which is sufficiently large to include all, and sufficiently definite, with the help of the article "the" to designate each. But the term in our bond is neither. extensive enough to include all the justices with certainty, nor definite enough to point out which of them were meant, other (295) than or besides H. Fitts. If at the time when this bond was executed the law had required it to be taken payable to all the justices of the county, the Court might presume that the county court intended to do their duty, and might construe it a bond payable to all the justices according to such presumption. This construction it might properly receive, if there was no other alternative between such a construction and declaring it a nullity, ut res magis valeat quam pereat. Or if the minutes of the county court set forth who were the justices on the bench when the bond was executed, upon the same presumption (for at that time the law required such bonds to be taken payable to the justices in court on the bench), the word "others" might perhaps be referred to the justices then on the bench; but as it does not appear who were on the bench at the time, the facts will not sustain this construction. And to construe it as a bond payable to all the justices (which derives no support from the presumption that the magistrates intended to discharge their duty, for that was not the form which the law prescribed *Page 246 
for the bond at the time), will be explaining or rather aiding a patent
ambiguity to the destruction of the bond and the rights it was designed to protect. The only remaining alternative is between the last construction and the upholding of the bond by the rejection of the ambiguous phrase as too uncertain to admit of a sensible meaning, and therefore regarding it as inoperative and void.
If there be any doubt or repugnancy in the words of a grant, such construction is to be made as is most strong against the grantor, because he is presumed to have received a valuable consideration for what he parts with. Co. Litt., 314b, 146; 2 Roll. Abr., 65; Plowd., 154, 171. Words, if they cannot operate in one form, shall operate in that which by law will effectuate the intentions. Goodtitle v. Bailey; Cowper, 600;Jackson v. Beach, 1 Johns. Ca., 399, 402; Barnes v. Irwin, 2 Bal., 199, 203. Or they may be rejected where they are merely insensible. Smith v. Parkhurst, 3 Atk., 136; Parkhurst v. Smith, Willes, 332. (296) Where it is impossible the grant should take effect according to the letter, there the law will make such constructions that the gift by possibility may take effect. Co. Litt., 183b.
Upon the issue submitted, proof of the handwriting of a party to a deed is strong evidence for a jury to presume a delivery. Peake's Evid., 100;Lesher v. Levan, 2 Dal., 96.
Delivery to a third person for the use of the grantee, and without his knowledge, becomes a valid delivery on the subsequent assent of the grantee which relates back to the subsequent time of delivery. 13 Jonhs. Rep., 285; 4 Day, 66; 9 Mass. Rep., 307; 5 Munf., 160; 12 Mass. 456; 18 Johns., 544; 1 Johns. Ca., 388; ibid., 240, 450; 2 Stark, 477.
A deed may be delivered by words, or by acts, and may be good if delivered to a stranger without special authority, if intended for the use of the grantee. 12 Johns., 536; 2 Roll. Abr., 24, 42.
I agree with the counsel for the plaintiff that the words other justices
neither import all the justices nor any definite number of them. It may be satisfied with less than all of them, and therefore may mean any two or any greater number of them. It does not necessarily import all, as the wordsthe justices do. Henry Fitts is therefore the only obligee. For it is the same as if it had been payable to him and "other people," or to him and ........... (leaving a blank). And the certain description is not vitiated by an uncertain one. The action is therefore brought in the name of the only obligee. There are no others; and the words "to be paid to the said justices" are also to be rejected as referring to the uncertain and indefinite and description other justices. *Page 247 
But in this case there is no evidence of a delivery. None was given of an actual delivery to Fitts, for the clerk is his agent for the delivery of official bonds only, which this is not. And from the whole case it is evident that it was intended that John C. Johnson was to (297) sign it also. It is a fair and reasonable presumption, in the absence of all proof of an actual delivery to the obligee, that he whose name is mentioned, both in the body of the bond and the minutes of the court as a coobligor, I mean John C. Johnson, was also to sign it, and that upon the condition that he also signed and became bound was Green to become bound. Common sense and common experience, and justice to Green, require this exposition of the transaction.
As to the meaning of the words other justices, and who is the obligee or obligees, I have expressed my own opinion only, the case being decided by the Court on the other ground; that is, that there was no evidence of adelivery.
PER CURIAM. Judgment affirmed.
Cited: Threadgill v. Jennings, post, 387; Blume v. Green, 24 N.C. 342;Iredell v. Barbee, 31 N.C. 254.